UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN MANCINI, | ) | CASE NO. 1:10 CV 712 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DR. PYTHIAS JONES, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On April 5, 2010, Plaintiff *pro se* John Mancini filed this *in forma pauperis* action against Dr. Pythias Jones, who is identified as the Director of the Veterans Methadone Clinic in Cleveland, Ohio. The Complaint alleges Plaintiff has been under the care of Dr. Jones since 2003, and receives methadone for heroin addiction. Plaintiff has not been satisfied with the treatment he has received, and on March 30, 2010, he asked his counselor "to be considered for a methadone substitute or completely detox from methadone in a safe and responsible manner... ." Complaint, p.3. Dr. Jones ordered that Plaintiff detox at 3mg per day for 50 days, a plan Plaintiff considers unsafe. Plaintiff asserts Dr. Jones is therefore violating a "duty ... to adequately treat plaintiff's service connected opioid addiction and the rest of his psychiatric

disorders." Complaint, p.5. A Motion for Temporary Restraining Order was filed with the Complaint.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

Even liberally construed, the Complaint does not contain a valid legal claim. As a threshold matter, Plaintiff's failure to

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

identify a particular legal theory in his Complaint places an unfair burden on the Defendant to speculate on the potential claims that Plaintiff may be raising against him and the defenses he might assert in response to each of these possible causes of action. *See Wells v. Brown*, 591, 594 (6th Cir. 1989). If Plaintiff is seeking to assert a tort claim, the Federal Tort Claims Act provides the exclusive jurisdictional basis for tort claims against the United States. Before a party may bring such an action, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his claim that is sufficient to enable the agency to investigate and (2) places a value on his claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981). There is no suggestion Plaintiff has taken these steps.

Further, to the extent Plaintiff is raising a question about the provision of veterans benefits, such matters may only be adjudicated by the appropriate Veterans Administration administrative bodies, the Court of Veterans Appeals, and the Court of Appeals for the Federal Circuit. *See Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997).

Accordingly, the request to proceed *in forma pauperis* is granted, the Motion for Temporary Restraining Order is denied, and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

April 7, 2010